FRUGÉ, Judge ad hoc.
The plaintiff sued defendant for alleged damages to his car in the sum of $800.00, and for personal injuries to himself and loss of time in the sum of $4,226.00, which he claims was caused by a collision between his car and that of defendant, and alleging that said collision occurred solely through defendant’s negligence.
Defendant answered denying negligence on his part and charging the collision occurred solely through plaintiff’s negligence and reconvened for $551.00 for damage to his car, injuries to his wife, $44.50 for medical expenses, and $57.00 for help to care for his child.
The District Court rendered judgment for plaintiff in the sums of $800.00 for damages to- car, $40.00 for medical expenses and $1,000.00 for injuries, and rejected defendant’s reconventional demand, from which Judgment defendant appeals.
Plaintiff alleges in substance among other things that at about the hour of 4:00 o’clock in the afternoon on September 4th, 1943, he was leaving Crowley, Louisiana, going West toward his home on U. S. Highway 90 in his automobile driving at a moderate rate of speed and while driving in this direction he came to a point approximately 80 yds. east and north of a railroad crossing about one-half mile out of Crowley when he perceived the defendant, Lovic C. Desormeaux, enter the “S” curve at that point "coming toward him at a high and excessive rate of speed in a diagonal position across the road; that when he saw this he immediately swerved his car to his right, applied his brakes and did everything that a prudent driver could do to avoid a collision with the defendant’s car, but that despite his efforts, the right front fender of the defendant’s car struck plaintiff’s car at or about its left front fender. That the impact caused by the tremendous speed of the defendant’s car caused the rear of the defendant’s car to swing around hitting the rear left end of plaintiff’s car and knocked *713 plaintiff’s car off the highway into the ditch on the west side of the said highway where plaintiff’s car stopped in an upright position, entirely off the highway and that the defendant’s car remained on the highway diagonally across it, and that the proximate cause of the accident was the negligent and wreckless manner in which the said defendant operated his automobile.
The defendant alleges that the accident occurred while he was driving his Ford car going from Mermentau to Crowley accompanied by Mazie Duhon, his wife, sitting on the front seat at his right and that when he got into the “S” curve which begins about fifty or sixty feet west of the point where the Gulf Coast Railroad crosses said highway and then said curve turns to the left and northeast and then to the right and east extending about 1600 feet to a point on Second Street about 65 feet east of the Western Corporate limits of Crowley, there are two railroad crossings within, said curve;, that they are about 450 feet apart and that the space between the rails is floored with wooden planks, slightly lower than the top of the two railroad rails, causing a steady and rather severe vibration of a car crossing passing. That he, the defendant, entered the west end of said curve at a moderate rate of speed driving his car carefully and well to the right of the black center mark in said highway and that he crossed both railroads, but that when he passed the second railroad and the curve begins to straighten out and curve to the right at about a 4 degree angle, his car would not turn to the right to follow said curve but kept going to the left at the same angle it had been traveling; that the steering wheel would not turn to the right, and was apparently locked, and although he used his best efforts to do so, the car would not straighten out and follow the curve to the right; that his car began to cross the black center line to the left; that when he realized that his car would not steer to the right and follow the curve he applied his brakes and brought his car almost to a complete stop with the front wheels about two feet from the western edge of the pavement, squarely across and on the pavement, the pavement being wet and slippery when his car was struck from the side at the right front wheel, and again on the right side by the on-coming car of plaintiff with such-force that defendant’s car was spun about three-quarters of the way around remaining on the pavement at approximately the same spot as when struck but facing approximately northeast in the road; that defendant’s car never left the pavement and that plaintiff’s car was hurtled into the ditch on the west side of the road and that it was raining hard and the road was slippery at the time of the collision and that he did not know of any mechanical defects in his car before entering said curve and that he belieyes that the steering mechanism in his car was put out of commission when he crossed the railroad; that the sudden failure of .his car to steer properly was due to causes suddenly arising of which he had-no prior notice and that he was not negligent in any manner; that plaintiff’s car never did slack, even- though he had ampie time to do so and avoid the accident.
This case was tried by Judge W. W. Bailey and before entering judgment he retired from the bench. His successor, Judge N. S. Hoffpauir, to whom the case was then submitted, wrote the judgment wherein he decided in favor of plaintiff and against the defendant. While it is true that the judge did not hear the witnesses testify in Open Court he evidently made a very careful study of the record as reflected by a well reasoned opinion.
The Trial Court Judge in his analysis of the evidence stated that both plaintiff and defendant are residents of the Parish of Acadia and both living west of Crowley and that both use U. S. Highway 90 frequently and both are familiar with the “S” curve and the hazards existing by virtue of the two railroad crossings within the curve and their condition and that- it was raining and the road was slippery at the time of the accident.
We agree with the Trial Judge that sufficient time elapsed between the time, the defendant discovered something wrong with his steering gear and the accident to have brought his car to a complete stop on the *714 proper side of the road, and thereby having avoided the accident. The time is evident •by the speed he says he was driving and the conversation between him and his wife. While on the other hand if he did not have time to bring his car to a stop after he crossed the railroad up to the time of the accident then it is evident that he was driving at an excessive rate of speed and that his car was thrown out of control when he crossed the railroad track.
In addition to that, there is evidence in the record by a State Trooper to the affect that the plaintiff had run his car off the pavement on the shoulder on the right hand side and then followed the shoulder approximately ten feet where the tire marks showed where he cut his wheel to the left and then to the right again and then left where he climbed back on the pave up until the scene of the accident. A close analysis of the testimony of all the witnesses convinces us that the Trial Judge is correct ' in his analysis of the evidence and that therefore the proximate cause of this accident was caused by the negligence of the defendant. Defendant contends that the plaintiff had the last clear chance to avoid the accident and that he had ample time to apply his brakes and come -to a full stop before running into defendant’s car on the .highway..
We think the case of Miller v. Commercial Standard Ins. Co. et al., La.App., 13 So.2d 733, is particularly pertinent here. In this case a young man by the name of Richard was driving on a wet road toward New Iberia and he pulled out to his left to overtake and pass a car ahead of him and when he did so he saw the plaintiff’s car coming on its proper side of the road. He then pulled on his proper side qf the road and applied his brakes, and his truck went into a skid and he was headed for the ditch on the right side of the road, and to keep from going into the ditch he cut his wheel to the left and perhaps again to the right, then sharply to the left again so that the truck cut very sharply across the road and ran into the Miller car. The Miller car in the meantime had slowed up perceptibly and his car was partially off on the right shoulder of the road when the Richard truck struck him. The right front corner of the Richard truck struck the Oldsmobile just behind the front of the left front fender. Then the Ford truck spun around -counter-clockwise in the road, and the right rear fender of the Ford struck the Oldsmobile again on the left rear fender.
That is almost exactly what happened in this case if we are to believe the testimony of the highway officer, plus the testimony of the defendant, himself, and the physical facts.
It was further stated in the Miller case that a motorist traveling on his side of the road had a right to assume that truck approaching from opposite direction would obey the law and stay on its side of the road. We find the same ruling in the case of Cutrer v. Jones, La.App., 9 So.2d 859, Syl. 4 at page 860, wherein it is stated that a motorist traveling on his side of the road had right to assume that truck approaching from opposite direction would obey the law and stay on its side of the road. There are numerous authorities which so hold.
Defendant did not specially plead contributory negligence on the part of plaintiff. He has denied Article 7 of plaintiff’s petition in which plaintiff alleges that he was guilty of no negligence and did not contribute to the cause of the accident, but to the contrary, he did all in his power to avoid the accident and that the sole and proximate cause of the accident being the negligent and reckless manner in which the defendant operated his automobile. The defendant in further answering in Article 21 alleges that the steering was out of control and he could not bring his car back to the right side of the center line and that plaintiff’s car kept on coming on its side of the road and plaintiff’s car never swerved or tried to swerve to right or left, nor to stop before it struck the car of defendant when defendant’s car was squarely across the road and almost completely stopped and that plaintiff had ample time to stop his car and he had ample space on the pavement and shoulders of the road to go •around the back of defendant’s car, and thereby avoid the accident and that the accident occurred solely through the negligence and carelessness of' the plaintiff.-
*715 In our opinion these pleadings do not reflect the special plea of contributory negligence which is required. See the case of Martin v. Toye Bros. Yellow Cab Co., La.App., 162 So. 257, also see McMahon’s La. Practice, Vol. 1, p. 582-588.
The amount of damages allowed by the Trial Court appears not excessive.
Judgment affirmed.